DEBORAH G. LEVINE
State Bar No. 57607
Law Offices of Deborah G. Levine
1299 Newell Hill Place, Suite 300
Walnut Creek, CA  94596
(925) 933-5100
(925)933-5297

Attorney for MICHAEL JORDAN USUNOV


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION


| UNITED STATES OF AMERICA, | ) | No. CR 11-00312 SBA |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Joint Brief in Support of Requested |
| v. | ) | Continuance of Sentencing and Proposed |
| | ) | Order |
| MICHAEL JORDAN USUNOV, | ) | |
| Defendant. | ) | |
| | ) | |

INTRODUCTION

Michael Usunov was Indicted in case number 11-00312 on May 12, 2011 for a violation of 18 U.S.C.§1343 and 2, Wire Fraud and Aiding and Abetting.  Also named in the Indictment are Artem Martinov and Paul Spencer McKinnon.  Michael Usunov and Spencer McKinnon pled guilty.  Pre trial motions have been filed and litigated by Martinov and a trial date set in June 2015.

Mr. Usunov has agreed to provide assistance to the government in its prosecution of Martinov and has been interviewed by the government and its agents.  Michael Usunov stands ready to testify truthfully at Mr. Martinov's trial.  Mr. Usunov signed a plea agreement with the government which outlines the responsibilities of both parties.  One of Mr. Usunov's obligations is to testify truthfully at Mr. Martinov's trial.  If the Martinov case proceeds to trial, which is Martinov's stated intention, Mr. Usunov's testimony will be important in the government's

determination of whether Mr. Usunov has provided substantial assistance. Because Mr. Usunov has been gainfully employed, has been active in his church and community, has continued his education by completing all necessary credits to transfer to a four year university (and is now in the process of making that application) and has only a misdemeanor conviction from over ten years ago, *the parties agree that a sentence of probation only (no prison commitment) is possible*.

In addition, the U.S. Probation office has not yet been provided the discovery by the government, nor has it conducted follow up interviews of the defendants who have pleaded guilty. As such, the PSR would not be able to be prepared in time for the sentencing date as scheduled.[1]

ARGUMENT

5K1.1 of the United States Sentencing Guidelines permits possible sentence reductions to defendants who provide substantial assistance to the government in its prosecution of another person. In this case the other person is Artem Martinov, a co-defendant who intends to contest the allegations against him at trial. Michael Usunov plead guilty as part of a plea agreement with the government providing for such a reduction if he testifies in the Martinov trial.

Only if Michael Usunov is permitted to testify at the Martinov trial before he is sentenced will he be able to obtain the benefit of his plea agreement. That is because the parties agree that probation is a possible sentence for Mr. Usunov. Unlike cases where a cooperating defendant is expected to receive a prison sentence and testifies after his imprisonment, Mr. Usunov would not receive the benefit of his 5K1.1 plea agreement if he is sentenced before the Martinov trial. In that case, because he would be unable to show his substantial assistance by testifying at trial he could receive a sentence to prison, a sentence he potentially would not have otherwise received. Under that scenario a Rule 35 sentence reduction could be too late.[2]

---

[1]Probation communicated this request to the government for inclusion in this joint brief.

[2]Mr. Usunov's case is unlike that of Peter Drown [*U.S. v. Drown*, 942 F.2d 55 (1st Cir. 1990) where the defendant received a 78 month sentence for selling in excess of 500 grams of

1    It should be noted that during the entire period since his Indictment and arraignment all court

2  orders and conditions of release have been complied with.  Michael Usunov does not pose any

3  risk to the community and all indications are he will continue to cooperate with the court and

4  government if the jointly requested continuance is granted.

5                                    CONCLUSION

6    For all the above reasons, this jointly requested order to continue sentencing is respectfully

7  requested.

8

9  DATED: January 13, 2015                    _____/s/_____

10                                            DEBORAH G. LEVINE

11                                            Attorney for Michael Jordan Usunov

12

13  DATED: January 13, 2015                    _____/s/_____

14                                            BRIAN C. LEWIS

15                                            Assistant United States Attorney

16

17                                    ORDER

18  FOR GOOD CAUSE SHOWN, it is here by ordered that the sentencing date for Michael Jordan

19  Usunov currently scheduled for February 11, 2015 at 9 a.m. may be continued to July **8**, 2015 at

20  **10**:00 a.m.

21

22

23  DATED:  1/20/2015              _Saundra B Armstrong_____

24                                SAUNDRA BROWN ARMSTRONG
                                  DISTRICT COURT JUDGE

25

26

27  _____

28  cocaine.  Drown could actually receive the benefits of a Rule 35 reduction after his sentencing if
    he continued his assistance to the government after being sentenced.  Because Usunov's sentence
    may result in a grant of probation such a Rule 35 benefit may be of no use to him after sentence.